# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHISPERING WINDS CATHOLIC CONFERENCE CENTER, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>MARKEL INSURANCE COMPANY, and DOES 1 to 75, inclusive,<br><br>    Defendants. | CASE NO. 05CV1911  IEG (JMA)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE and (2) ADDRESSING MATTERS RELATED TO TRIAL**<br><br>[Doc. No. 72] |

On June 22, 2007, the Court held a hearing on Whispering Winds Catholic Conference Center's ("plaintiff") motion in limine[1] (Doc. No. 72) and Markel Insurance Company's ("defendant") ex parte application (Doc. No. 73) to continue the trial schedule. The Court denied defendant's ex parte application. The Court heard oral argument on the motion in limine and other matters related to trial preparation. The Court hereby **ORDERS** the following:

—The Court **GRANTS IN PART** and **DENIES IN PART** plaintiff's motion in limine to limit experts' testimony to opinions rendered in their Rule 26 written reports and depositions. The Court finds that Markel has not shown the "substantial justification" required to introduce Rule 26 evidence that Markel failed to disclose timely. See Fed. R. Civ. 37(c)(1). The failure to disclose

---

[1] In its May 3, 2007 Order setting trial and related dates, the Court allowed each side to file five (5) motions in limine. Markel Insurance Company ("defendant") filed no motions.

1  is not harmless because the introduction of the undisclosed evidence at trial would result in unfair
2  surprise to plaintiff.  The motion is denied to the extent that the Court will allow Mr. Peter Fowler,
3  defendant's construction costs expert, to offer rebuttal testimony concerning the opinion and cost
4  estimate of plaintiff's expert, Mr. Ted Bumgardner.  <u>Id.</u>; Fed. R. Evid. 703; <u>Hill v. Reederei F.
5  Laeisz G.M.B.H., Rostock</u>, 435 F.3d 404, 423 (3d Cir. 2006).

6       —In addition to the seven trial days previously assigned (July 24-27, August 1-3), the
7  Court **ADDS** an eighth trial day: Tuesday, August 7.

8       —The Court **ASSIGNS** twenty (20) hours of trial time to plaintiff, and eighteen (18) hours
9  of trial time to defendant.

10      —The Court **SHALL ALLOW** evidence concerning plaintiff's claim for extra expenses.
11 The Court's ruling **IS WITHOUT PREJUDICE**.  Because of this ruling, Mr. Don Kojis **SHALL
12 SIT** for a supplemental deposition prior to the beginning of trial.

13      —In its February 27, 2007 Order on the cross-motions for summary judgment, the Court
14 held defendant was "liable for bad faith arising from its ongoing delay in paying the undisputed
15 Policy benefits."  (Doc. No. 55, at 11.)  The amount of unpaid, undisputed Policy benefits was
16 $20,424.  (<u>Id.</u> at 7.)  The Court did <u>not</u> find that defendant acted in bad faith with respect to <u>any</u>
17 other aspect of plaintiff's claim.  Therefore, when the parties submit proposed jury instructions,
18 those instructions **SHALL BE CONSISTENT** with the Court's prior finding that defendant acted
19 in bad faith only in its ongoing failure to pay $20,424 of undisputed Policy benefits.

20      **IT IS SO ORDERED.**

22 **DATED: June 28, 2007**

24  _____
    **IRMA E. GONZALEZ, Chief Judge**
25  **United States District Court**